**SO ORDERED.**

**SIGNED this 13 day of January, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

IN RE:                                                          CHAPTER 7

RODRIGE M. RAY                                      CASE NO. 09-06326-8-SWH

      DEBTOR

**ORDER AVOIDING JUDICIAL LIEN OF HARNETT COUNTY SCHOOL BOARD**

This matter comes before the Court on an amended motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014. On January 7, 2010, a hearing was conducted in Fayetteville, North Carolina.

Having considered the motion and other matters of record in this case, the Court finds and concludes:

1. All parties in interest have received due notice of the motion and no party has timely objected to the relief requested in the motion.

2. The Debtor exempted property described as 1095 Raynor McLamb Road, Bunnlevel, North Carolina, 28323, with a value of $85,000 as of the petition date.

3. The Debtor claimed an exemption in the abovementioned property of $18,500.00 pursuant to N.C.G.S. § 1C-1601(a)(1).

4. The abovementioned property is encumbered by a deed of trust in favor of the State Employees' Credit Union, which had an unpaid balance of $52,000.00 as of the petition date. The abovementioned property is also encumbered by a deed of trust in favor of New Century Bank, which had an unpaid balance of $25,000.00, as of the petition date.

5. Harnett County School Board holds a judicial lien against the abovementioned property pursuant to a judgment referenced in file 06 CR 56158 in the Office of the Clerk of Court of Harnett County in the amount of $5,000.00, plus interest and attorney's fees.

6. Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

7. Because the total aggregate of the liens and the value of the exemption is $103,500.00, which exceeds the value of Debtor's interest in the property by $18,500.00, and because that sum is greater than or equal to the amount of the $5,000.00 judicial lien sought to be avoided, the judicial lien impairs an exemption pursuant to 11 U.S.C. § 522(f) and may be completely avoided pursuant to 11 U.S.C. § 522(f)(1).

Therefore, it is **ORDERED** that the judicial lien held by the Harnett County School Board referenced in file 06-CR-56158 in the Office of the Clerk of Court of Harnett County, be and hereby is **AVOIDED AND CANCELLED** as to the property described as 1095 Raynor McLamb Road, Bunnlevel, North Carolina, 28323, and said judicial lien shall have no further force or effect as to said real property.

**SO ORDERED.**

**END OF ORDER**